UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEBRA A. PRESTON                              CIVIL ACTION

VERSUS                                        NO. 14-1602

RD AMERICA, LLC, ET AL                        SECTION "C" (3)


ORDER AND REASONS

This removed matter comes before the Court on the issue of subject matter jurisdiction at the time of removal. Having reviewed the record, the joint memorandum of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

In the state court petition, the plaintiff seeks damages allegedly caused when the plaintiff fell in a store owned by RD America, L.L.C. ("RD America") on June 14, 2013. This matter was removed by RD America on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores

<u>A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.</u>, 988 F.2d 559 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  <u>Id.</u>; <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. <u>Id.</u>   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  <u>Id.</u>  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287, fn. 10 (1938), <u>citing</u>, <u>McNutt v. General Motors Corp.</u>, 298 U.S. 178, 182-189 (1936); <u>Diefenthal v. Civil Aeronautics Board</u>, 681 F.2d 1039 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1107 (1983).

     RD America has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently

particularized to meet the burden.  It argues that the plaintiff has acknowledged damages in excess of the jurisdictional minimum.  Absent some affirmative proof of the amount, federal jurisdiction would be based, at best, on speculation or consent, neither of which is permitted.[1]

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of St. Orleans,  State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

---

[1] Because remand is mandated due to the lack of the jurisdictional minimum, the Court does not address the issue of fraudulent joinder.

New Orleans, Louisiana, this 4th day of August, 2014.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE